IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| BARNEY JOE WIGGINS, JR., #128662, ) | Civil Action No. 3:08-3452-RBH-JRM |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| DENNIS BUSH, MAJOR; ) | **REPORT AND RECOMMENDATION** |
| RHONDA ABSTON, CAPTAIN; ) | |
| FLO MAUNEY, ASSOCIATE WARDEN; ) | |
| JAMES M. SHUGART; AND ) | |
| ALBERT MEDVAR, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Plaintiff filed this action on October 15, 2008.[1] He is an inmate at the Perry Correctional Institution ("PCI") of the South Carolina Department of Corrections ("SCDC"). Defendants filed a motion for summary judgment on May 5, 2009. Plaintiff, because he is proceeding pro se, was advised on May 6, 2009, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), that a failure to respond to Defendants' motion for summary judgment with additional evidence or counter-affidavits could result in the dismissal of his complaint. Plaintiff filed a response on June 1, 2009.

## DISCUSSION

Plaintiff's allegations concern his security classification. He alleges that Defendants failed to put him in protective custody, which constituted a threat to his security. Plaintiff also claims that he was placed in security detention ("SD") where he was not allowed to work or earn good-time

---

[1] All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02 (B)(2)(d), DSC. Because these are dispositive motions, the report and recommendation is entered for review by the court.

credits, such that his "max-out" date was extended. Defendants contend that they are entitled to summary judgment because: (1) Plaintiff has no right to a particular classification; (2) Plaintiff fails to state a cause of Action under the Eighth Amendment; and (3) Defendants are entitled to qualified immunity.

### 1. Security Classification

Plaintiff alleges claims concerning his security classification (SD rather than protective custody). Defendants contend that Plaintiff has no protected interest in any particular classification level.

Prisoners do not have a constitutionally recognized liberty interest in a particular security classification or prison placement. Hewitt v. Helms, 459 U.S. 460, 468 (1983)(no constitutional right under the Due Process Clause to a particular security classification or prison placement). An inmate does not have a constitutional right to be confined in a particular location. See Olim v. Wakinekona, 461 U.S. 238 (1983); Meachum v. Fano, 427 U.S. 215 (1976). In Sandin v. Conner, 515 U.S. 472 (1995), the United States Supreme Court held that a change in the condition of a prisoner's confinement that does not exceed the scope of the original sentence gives rise to a federally-protected liberty interest only if it "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Id. at 483. In Sandin, the Court concluded that the plaintiff's "segregated confinement did not present the type of atypical, significant deprivation in which a state might conceivably create a liberty interest." Id. at 485. Under the analysis set forth in Sandin, Plaintiff cannot show that he has a protected liberty interest in his security or custody classification. Id. at 483-85; see also Dejesus v. Edgar, 142 F.3d 439 (7th Cir. 1998)(unpublished)(no liberty interest in remaining in protective custody), cert. denied, 525 U.S. 970 (1998).

Plaintiff alleges that his constitutional rights were violated by his placement in SD because he was unable to earn good-time or work credits. PCI Captain Rhonda Abston states that while in SD custody Plaintiff still would have earned good time so long as he remained disciplinary free for thirty days. Abston Aff., Para 7. Although a prisoner may have due process rights as to good-time credits which are taken away from him, the opportunity to earn good-time or work credits is not a constitutionally established liberty interest. Wolff v. McDonnell, 418 U.S. 539, 557 (1974); see Sandin v. Conner, supra.[2] Additionally, a plaintiff has no constitutional right to participate in prison programs, so his ineligibility for a prison work program is not a deprivation of constitutional magnitude. See Altizer v. Paderick, 569 F.2d 812 (4th Cir.), cert. denied, 435 U.S. 1009 (1978)(custody classifications and work assignments are generally within the discretion of the prison administrator); Gibson v. McEvers, 631 F.2d 95, 98 (7th Cir. 1980)("An inmate's expectation of keeping a certain prison job does not amount to a property or liberty interest entitled to protection under the Due Process Clause."); Alley v. Angelone, 962 F. Supp. 827, 834 (E.D.Va. 1997)(prisoner did not have a protected interest in continued employment because lack of employment was clearly within the range of confinement which could be expected by most inmates).[3]

---

[2]To the extent that Plaintiff is implicating the duration of his confinement by requesting that his good-time, merit, or work credits be restored, he is subject to the exhaustion requirement of 28 U.S.C. § 2254(b). Preiser v. Rodriguez, 411 U.S. 475 (1973). Plaintiff has not presented his claims pursuant to 28 U.S.C. § 2254 and he has not shown that he has satisfied this exhaustion requirement.

[3]Plaintiff also asserts that he had a parole hearing during this time and he thinks he was denied parole based on his SD custody classification. The Constitution itself does not create a protected liberty interest in the expectation of early release on parole. Greenholtz v. Inmates of Nebraska Penal & Corr. Complex, 442 U.S. 1, 7 (1979); see also Jago v. Van Curen, 454 U.S. 14, 18-20 (1981)(mutually explicit understanding that inmate would be paroled does not create liberty interest). "There is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." Greenholtz, 442 U.S. at 7.

### 2. Negligence

Plaintiff alleges that Defendants were negligent as to his custody classification, by failing to properly investigate his claims. Negligence, in general, is not actionable under 42 U.S.C. § 1983. See Daniels v. Williams, 474 U.S. 327, 238-36 & n. 3 (1986); Ruefly v. Landon, 825 F.2d 792, 798-94 (4th Cir. 1987); and Pink v. Lester, 52 F.3d 73, 78 (4th Cir. 1995). Furthermore, 42 U.S.C. § 1983 does not impose liability for violations of duties of care arising under state law. DeShaney v. Winnebago Dep't. of Social Services, 489 U.S. 189, 200-03 (1989).

### 3. Grievances

Plaintiff also appears to allege that Defendants failed to properly process some of his grievances. The "Constitution creates no entitlement to grievance procedures or access to any such procedure voluntarily established by the state." Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994). Even assuming that Defendants violated SCDC grievance procedures, such actions do not state a claim which is actionable under § 1983. See Brown v. Dodson, 863 F. Supp. 284 (W.D.Va. 1994). Further, allegations that Defendants did not follow SCDC policies or procedures, standing alone, do not amount to constitutional violations. See United States v. Caceres, 440 U.S. 741 (1978); see also Riccio v. County of Fairfax, Virginia, 907 F.2d 1459, 1469 (4th Cir. 1990)(if state law grants more procedural rights than the Constitution requires, a state's failure to abide by that law is not a federal due process issue); Keeler v. Pea, 782 F. Supp. 42, 44 (D.S.C. 1992)(violations of prison policies which fail to reach the level of a constitutional violation are not actionable under § 1983).

### 4. **Failure to Protect**

Plaintiff appears to allege that Defendants failed to protect him because they refused to place him in protective custody. Defendants contend that Plaintiff fails to establish an Eighth Amendment claim because he has not shown any injury from any alleged threat.

Deliberate or callous indifference on the part of prison officials to a specific known risk of harm states an Eighth Amendment claim. Pressly v. Hutto, 816 F.2d 977, 979 (4th Cir. 1987). Not every injury suffered by one inmate at the hands of other inmates, however, translates into constitutional liability for the prison officials responsible for the victim's safety. See Farmer v. Brennan, 511 U.S. 825, 835 (1994). In Farmer, the Supreme Court defined deliberate indifference, holding that "a prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of serious harm and know of it and consciously disregarded that risk disregards that risk by failing to take reasonable measures to abate it." Id., at 847. The test is not whether an official knew or should have known of the possibility of harm, but whether he did, in fact, . "[T]he official must be both aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id., at 837. While the objective information known to the official may be used to infer the knowledge he actually had, and to draw inferences about his actual state of mind, those inferences are not conclusive. Further, the Eighth Amendment is not violated by the negligent failure to protect inmates from violence. Whitley v. Albers, 475 U.S. 312, 319 (1986); Moore v. Winebrenner, 927 F.2d 1312 (4th Cir. 1991), cert. denied, 502 U.S. 828 (1991); Pressly, supra.

Plaintiff's fails to show that his Eighth Amendment rights were violated because he has not alleged any injuries resulting from the alleged actions. Further, he has not shown that Defendants

knew of a substantial risk of serious harm and consciously disregarded that risk. Associate Warden Florence Mauney states that she and Major Bush investigated Plaintiff's allegations (that he needed to be placed on statewide protective custody because he provided information in 2005 to Investigator Karen Hare concerning the possession of cell phones and drugs by other inmates); Investigator Hare advised that Plaintiff had not worked with her or provided the information as alleged; Mauney and Bush examined the investigative cases and found no record of Plaintiff's claims; and Investigator Marty Shugart also tried to substantiate Plaintiff's claims, but could not. Mauney states she later learned that an investigator at Lieber Correctional Institution stated that Plaintiff was used on a case, the information was submitted to the State Classification Committee, and the Committee denied Plaintiff protective custody status. She states that Plaintiff was assigned to the yard because he had no prior problems there, when he refused to return to the yard he was placed in SD status, and he was free to return to the yard anytime he advised her that he was ready to go back. Additionally, Mauney states that there is no long-term protective custody unit at PCI, SD is the closest thing offered, Plaintiff later returned to the yard, and there have been no adverse incidents since Plaintiff returned to the yard. Mauney Aff. Albert Medvar, a caseworker at PCI, stated that he recommended protective custody after it was later learned that Plaintiff assisted in an investigation years earlier, but protective custody status was denied by the State Classification Committee. Medvar Aff. Richard Turner, a Disciplinary Hearing Officer at SCDC, states that he heard several cases involving Plaintiff's refusal to return to the yard, witnesses for Plaintiff advised him there was no reason for Plaintiff to not return to the yard, and he did not give Plaintiff lock-up time at any of these hearings. Turner Aff.

### 5. **Living Conditions/Cruel and Unusual Punishment**

Plaintiff appears to allege that he was subjected to cruel and unusual punishment by being placed in SD rather than protective custody because SD status curtailed some of his prison privileges including visitation by family members. Defendants contend that the SD status was not a punishment.

The Eighth Amendment provides protection with respect to "the treatment a prisoner receives in prison and the conditions under which he is confined." Helling v. McKinney, 509 U.S. 25, 31 (1993). However, the constitutional prohibition against the infliction of cruel and unusual punishment "does not mandate comfortable prisons, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation." Wilson v. Seiter, 501 U.S. 294, 298 (1991). Eighth Amendment protection from cruel and unusual living conditions has both objective and subjective components. First, deprivations must be objectively serious in the sense that they violate contemporary notions of decency. Rhodes v. Chapman, 452 U.S. 337 (1981). Second, the plaintiff must show that subjectively the prison officials acted with a sufficiently culpable state of mind. Strickler v. Waters, 989 F.2d 1375, 1379 (4th Cir.), cert. denied, 510 U.S. 949 (1993). The Supreme Court has held that prison officials cannot be held liable under the Eighth Amendment unless they knew of and disregarded an excessive risk to inmate health or safety. Farmer v. Brennan, 511 U.S. 825 (1994). A plaintiff must produce evidence of serious or significant physical or emotional injury resulting from the challenged conditions to withstand summary judgment on a prison living conditions claim. Strickler, 989 F.2d at 1380-81.

Plaintiff fails to establish a constitutional claim because he has not shown any serious or significant physical or emotional injury resulting from the alleged conditions. Further, Plaintiff does not have a constitutional right to prison visitation. See White v. Keller, 438 F.Supp. 110, 114 (D.Md.1977), aff'd 588 F.2d 913 (4th Cir.1978).[4]

Plaintiff alleges that he has suffered mental anguish as a result of Defendants' actions. There is no federal constitutional right to be free from emotional distress, psychological stress, or mental anguish, and, hence, there is no liability under § 1983 regarding such claims. See Grandstaff v. City of Borger, 767 F.2d 161 (5th Cir. 1985), cert. denied, 480 U.S. 916 (1987); and Rodriguez v. Comas, 888 F.2d 899, 903 (1st Cir. 1989). The PLRA provides:

> No Federal civil action may be brought by a prisoner confined in a jail, prison or other correctional facility for mental or emotional injury suffered while in custody without a prior showing of physical injury.[5]

42 U.S.C. § 1997e(e).

---

[4] Plaintiff also claims that he was denied access to medical and dental care and denied access to the law library while in SD status. He, however, fails to show any constitutional violation because he has not shown that he had any serious medical or dental need to which Defendants were deliberately indifferent. See Estelle v. Gamble, 429 U.S. 97 (1976). Plaintiff fails to show that he suffered any actual injury, such as the late filing of a court document or the dismissal of an otherwise meritorious claim, as a result of any denial of law library access. See Lewis v. Casey, 518 U.S. 343 (1996).

[5] The PLRA does not define "physical injury" and the Fourth Circuit has not ruled on the issue, but the Fifth Circuit held that "physical injury" must be more than de minimis, but need not be significant. Siglar v. Hightower, 112 F.3d 191 (5th Cir. 1997)(concluding that a sore, bruised ear lasting for three days was de minimis and failed to meet the requisite physical injury to support a claim of emotional or mental suffering); see also Zehner v. Trigg, 952 F. Supp. 1318 (S.D. Ind. 1997)(exposure to asbestos not physical injury necessary to support claim for mental or emotional injury under the PLRA), aff'd, 133 F.3d 459 (7th Cir. 1997).

### 6. **Immunity**

Defendants argue that they are entitled to qualified immunity. The Supreme Court in Harlow v. Fitzgerald, 457 U.S. 800 (1982), established the standard which the court is to follow in determining whether a defendant is protected by qualified immunity.

> Government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.

Harlow, 457 U.S. at 818.

The Court of Appeals for the Fourth Circuit has stated:

> Qualified immunity shields a governmental official from liability for civil monetary damages if the officer's "conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." "In determining whether the specific right allegedly violated was 'clearly established,' the proper focus is not upon the right at its most general or abstract level, but at the level of its application to the specific conduct being challenged." Moreover, "the manner in which this [clearly established] right applies to the actions of the official must also be apparent." As such, if there is a "legitimate question" as to whether an official's conduct constitutes a constitutional violation, the official is entitled to qualified immunity.

Wiley v. Doory, 14 F.3d 993 (4th Cir. 1994)(internal citations omitted), cert. denied, 516 U.S. 824 (1995). As discussed above, Plaintiff fails to show that Defendants violated any of his clearly established constitutional or statutory rights. Therefore, Defendants are entitled to qualified immunity in their individual capacities.

### **CONCLUSION**

Based upon review of the record, it is recommended that Defendants' motion for summary

9

judgment (Doc. 31) be **granted**.



Joseph R. McCrorey
United States Magistrate Judge

December 14, 2009
Columbia, South Carolina

**The parties' attention is directed to the important information on the attached notice.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).