IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Barney Joe Wiggins, Jr., #128662, ) | Civil Action No.: 3:08-3452-RBH |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Dennis Bush, Major; ) | |
| Rhonda Abston, Captain; ) | |
| Flo Mauney, Associate Warden; ) | |
| James M. Shugart; and ) | |
| Albert Medvar; ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

This matter is before the Court after the issuance of the Report and Recommendation ("R&R") of United States Magistrate Judge Joseph R. McCrorey.[1] In the R&R, the Magistrate Judge recommends that the Court grant summary judgment in favor of the Defendants. The Plaintiff filed untimely objections.

**Procedural History**

This case was initiated on October 15, 2008, when the Plaintiff filed a Complaint appearing to assert claims under 42 U.S.C. § 1983 and allegations concerning his security classification. On May 5, 2009, the Defendants filed a Motion for Summary Judgment [Docket # 31]. On June 1, 2009, the Plaintiff filed a response in opposition. On December 15, 2009, the Magistrate Judge

---

[1] In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (D.S.C.), this matter was referred to United States Magistrate Judge Joseph R. McCrorey for pretrial handling.

issued the R&R recommending that the Court grant the Defendants' Motion for Summary Judgment. The Plaintiff failed to file timely objections to the R&R.[2]

**Standard of Review**

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court is charged with making a *de novo* determination of those portions of the R&R to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the Court need not conduct a *de novo* review when a party makes only general and conclusory objections that do not direct the Court to a specific error in the Magistrate Judge's proposed findings and recommendations. *Orpiano v. Johnson,* 687 F.2d 44, 47-48 (4th Cir. 1982). In the absence of a timely filed specific objection, the Magistrate Judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.,* 416 F.3d 310, 315 (4th Cir. 2005).

---

[2] Any objections to the Magistrate Judge's R&R must be filed within fourteen (14) days of the date of service. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this period provides for an additional three days for filing by mail. *See* Fed. R. Civ. P. 6(d). The Magistrate Judge filed the R&R on December 15, 2009, and a copy was mailed to the Plaintiff on December 16, 2009. As such, any objections to the R&R were due no later than January 2, 2010. The Plaintiff did not deliver his objections to the Perry Correctional Institution mail room until January 5, 2010. *See Houston v. Lack*, 487 U.S. 266 (1988) (stating a document is deemed filed by a prisoner when it is delivered to prison officials for mailing).

2

**Discussion**

Because the Plaintiff failed to file timely objections, the Court reviews the R&R only for clear error. The Plaintiff first objects to the Magistrate Judge's recommendation concerning the Plaintiff's grievances. The Magistrate Judge found that any violation of the South Carolina Department of Corrections' ("SCDC") grievance procedures by the Defendants does not create an actionable claim under § 1983. In his objections, the Plaintiff states that the Magistrate Judge "incorrectly concluded that the Plaintiff was challenging SCDC grievance procedure in his Complaint, when in fact the Plaintiff's suit alleged that he had exhausted his administrative remedies due to SCDC's failure to respond, and process grievances." *Objections,* p.1. However, this objection is immaterial to the present matter because the Magistrate Judge neither found that the Plaintiff failed to exhaust his remedies nor recommended dismissal based on a lack of exhaustion.

The Plaintiff also objects to the Magistrate Judge's findings regarding his Eighth Amendment "failure to protect" claim. Similarly, the Plaintiff objects to the Magistrate Judge's finding a lack of "deliberate indifference." The Magistrate Judge found that the Plaintiff "has not alleged any injuries resulting from the [Defendants'] alleged actions" or "shown that Defendants knew of a substantial risk of serious harm and consciously disregarded that risk." *Report and Recommendation*, p.5. In his objections, the Plaintiff states "[t]he Report <u>incorrectly</u> determined that the plaintiff had failed to allege, or show injuries, and that prison officials were unaware of the threat to plaintiff's life." *Objections,* p.2. Similarly, the Plaintiff claims that the Defendants were deliberately indifferent because "[t]he Plaintiff notified the defendants, and flags/cautions were available to prevent the Plaintiff from being assaulted on each occasion, so the defendants were aware of the seriousness of this security, and safety issue, but failed to protect the plaintiff." *Id.* at 5.

The Eighth Amendment imposes a duty on prison officials "to protect prisoners from violence at the hands of other prisoners." *Farmer v. Brennan*, 511 U.S. 825, 833 (1994). However, not "every injury suffered by one prisoner at the hands of another . . . translates into constitutional liability for prison officials responsible for the victim's safety." *Id.* at 834. "[I]n order to withstand summary judgment on an Eighth Amendment challenge[, a prisoner] must produce evidence of a serious or significant physical or emotional injury resulting from the challenged conditions." *Strickler v. Waters,* 989 F.2d 1375, 1381 (4th Cir. 1993).

In order to establish that a prison official has violated the Eighth Amendment in failing to protect him from violence, a prisoner must show that (1) he was "incarcerated under conditions posing a substantial risk of serious harm" and (2) that the official was deliberately indifferent to the inmate's health or safety. *Farmer*, 511 U.S. at 834. Simply put, in order to succeed on a claim of deliberate indifference to the Plaintiff's safety, the Plaintiff must show that the Defendants knew of and disregarded an excessive risk to the Plaintiff's health or safety, were aware of facts from which the inference could be drawn that a substantial risk of serious harm existed, and drew that inference. *Rich v. Bruce*, 129 F.3d 336, 338 (4th Cir. 1997) (citing *Farmer*, 511 U.S. at 837). However, "[d]eliberate indifference is a very high standard- a showing of mere negligence will not meet it." *Young v. City of Mount Ranier,* 238 F.3d 567, 575 (4th Cir. 2001) (citation omitted).

The Magistrate Judge found that the Plaintiff failed to show any injuries resulting from the Defendants' actions. In his objections, the Plaintiff contends that "[t]he Complaint in fact alleged that Plaintiff had been assaulted by several inmates, on two occasions resulting in serious injuries, with permanent lasting effects." *Objections,* p.2. A review of the Plaintiff's Complaint reveals that he did, in fact, allege that he was assaulted, but these allegations are limited to his time at Lieber Correctional Institution. *See Complaint,* Request for Relief, p.4; *Plaintiff's Aff.,* p.5 (May 29, 2009)

4

("[T]he plaintiff has been assaulted at Lieber Correctional Institution, and suffered through great amounts of mental anguish, because of this case."). The Plaintiff has only alleged that he received threats on his life at Perry Correctional Institution and has provided no evidence of a serious physical or emotional injury resulting therefrom. *See Complaint,* p.4-5 ("During April, 2008 I started receiving threats on my life at Perry Corr. Inst."). Further, no genuine issue of material fact exists as to whether the Defendants "acted or failed to act despite [their] knowledge of a substantial risk of serious harm." *Farmer,* 511 U.S. at 842.

In his third and fourth objections, the Plaintiff states that the Magistrate Judge's R&R "incorrectly determined that plaintiff does not have a constitutionally established liberty interest to earn Good-Time Credits," and that "the Defendants placed the Plaintiff on ("SD") Security Detention, in which he did not gain his way to earn Good-Time Credits for each month held on SD." *Objections,* p.3. In support of this argument, the Plaintiff cites *Furtick v. SCDC,* 649 S.E.2d 35 (S.C. 2007). Although a prisoner may have due process rights as to good-time credits that are taken away from him, the opportunity to earn future good time credits at a given rate is not a constitutionally established liberty interest. *See Wolff v. McDonnell,* 418 U.S. 539 (1974); *Furtick,* 649 S.E.2d at 38 ("Without a doubt, these credits for good behavior may be withheld or revoked as punishment when an inmate commits an offense while incarcerated or otherwise violates the rules of the institution."). Further, in *Sandin v. Conner,* the Supreme Court concluded that the plaintiff's "segregated confinement did not present the type of atypical, significant deprivation in which a state might conceivably create a liberty interest,"[3] and the Fourth Circuit has specifically found that South Carolina prison regulations regarding custody classifications create no liberty interests protected by

---

[3] 515 U.S. 472, 485 (1995).

the Fourteenth Amendment. *Slezak v. Evatt,* 21 F.3d 590, 597 (4th Cir. 1994). Thus, the Plaintiff can neither show that he has a protected liberty interest in his security or custody classification nor that he has been deprived of a liberty interest.

In the instant matter, the Plaintiff was taken off of protective custody and subsequently placed in SD after being charged with refusing or failing to obey orders. Additionally, PCI Captain Rhonda Abston states that while in SD custody, the Plaintiff still would have earned good time so long as he remained disciplinary free for thirty days. *Abston Aff.,* ¶ 7. Thus, it appears that any loss of good-time credits would have been a direct result of the Plaintiff's own actions.

Having thoroughly reviewed the entire record, the Plaintiff's objections, and the applicable law, the Court finds that the Magistrate Judge's R&R contains no clear error. As such, the Court agrees with the recommendations of the Magistrate Judge and finds that summary judgment is appropriate.

## **Conclusion**

Based on the foregoing, it is **ORDERED** that the Magistrate Judge's R&R is adopted and incorporated herein by reference, and the Defendants' Motion for Summary Judgment [Docket #31] is **GRANTED**.

**IT IS SO ORDERED.**

                                                                  s/ R. Bryan Harwell
                                                                  R. Bryan Harwell
                                                                  United States District Judge

Florence, South Carolina
March 24, 2010